THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHRISTIAN P. EIFERSEN, Defendant.

Supreme Court, Richmond County, January 15, 1930.

*Hamilton Ward, Attorney-General* [*Solomon Ullman* of counsel], for the plaintiff.

*John C. Judge,* for the defendant.

BYRNE, J. This is an application for a certificate of reasonable doubt. The defendant, after a trial, was convicted in the Court of Special Sessions, Richmond county, of unlawfully practicing medicine within the meaning of section 1250, subdivision 7, of the Education Law (added by Laws of 1927, chap. 85), in violation of sections 1262 and 1263 of said law (added by Laws of 1927, chap. 85).

. Section 1250, subdivision 7, of the Education Law is as follows: " The practice of medicine is defined as follows: A person practices medicine within the meaning of this article, except as hereinafter stated, who holds himself out as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, and who shall either offer or undertake, by any means or method, to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition."

Section 1263 of the Education Law provides: " 2. Any person who not being then lawfully licensed or authorized to practice medicine within this state shall (a) Practice or advertise to practice medicine; * `* * shall be guilty of a misdemeanor."

The decision of this motion rests entirely upon the question as to whether the defendant violated the provisions of the statute above set forth. It in no way decides the question as to whether chiropractic treatments are beneficial or injurious to mankind, nor whether the law as written on this subject should be changed. Upon the argument of the motion and in defendant's brief there is much criticism of the witnesses for the prosecution, and, in particular, of the methods employed by them in securing evidence. This matter need not be passed upon at this time, as decision will rest solely upon the testimony of the defendant himself.

No one reading the testimony of the defendant can come to any conclusion but that the defendant held himself out as being able to diagnose and treat a physical·condition and that he actually did diagnose and treat such a condition. At page 37, stenographer's

minutes, the defendant testified: " She was escorted to me after putting on a gown, and I analyzed her spine, and she told me that she had had a fall; that she had spinal trouble, or pains all along her spine. I proceeded to palpate and I recognized certain subluxations on the upper dorsal and middle cervicals, and I told her that I would not accept her case unless an X-ray was taken." And again on page 40: " By Justice CALDWELL: Q. You say you found there was a mislaid fifth vertebra here, and that was the cause of pain in the neck? A. Yes, sir. Q. You told her that? A. Yes, sir. Q. You told her by pressing that back you could relieve that? A. Yes, sir. Q. You didn't know whether that would stay back on the first treatment or not, but ultimately it would? A. Yes, sir. Q. Did you tell her that? A. Yes, sir. Q. You told her that would eliminate the pain? A. Yes, sir."

Thus it appears that the defendant diagnosed a physical condition and offered to treat the patient for such condition; that he did actually treat such condition appears from his testimony given at pages 43 and 44: " By Mr. McInnes: Q. Now, the adjustment that you gave her, what did that consist of? A. Just a chiropractic adjustment, a snappy recoil adjustment. Q. And what parts of her spine did you adjust? A. The fifth dorsal, the eleventh and the fifth lumbar, and also the first dorsal in the neck." When asked by Judge CALDWELL, at page 46, " If that is not a treatment, what is it? " the defendant answered, " I am not a judge, so I am not capable of judgment."

To sum up, the defendant examined the patient, discovered certain misplaced vertebræ, advised her of the condition of her spine, and treated her for such condition with the announced intention of relieving her pain and effecting a cure. The examination of the entire record indicates that the defendant had a fair trial, and application for a certificate of reasonable doubt is denied.