## PEOPLE v. WILBER.

*(Supreme Court, General Term, Third Department. July 11, 1891.)*

1. JURY—CHALLENGE—DENIAL OF FACTS.

The record in a criminal case, after stating that defendant challenged the array on the ground that the officer who summoned the jury was disqualified by reason of a certain interest in the proceeding, continued as follows: "People object. No testimony offered to sustain challenge. Challenge overruled." *Held*, that it appeared from such record entry, not that there was an exception to the sufficiency of the facts alleged as a ground of challenge, (Code Crim. Proc. N. Y. § 364,) but that such facts were denied, as provided by Code Crim. Proc. N. Y. § 366, and, no evidence being offered, the challenge was properly overruled.

2. CONSTITUTIONAL LAW—SINGLE SUBJECT IN STATUTE—LOCAL BILL.

Laws N. Y. 1890, c. 55, entitled "An act to incorporate the city of Gloversville," which declares (title 1, § 1) that a certain part of Johnstown shall constitute the city of Gloversville, and (section 6) that the rest shall be Johnstown, does not violate Const. N. Y. art. 3, § 16, which provides that no local bill "shall embrace more than one subject, and that shall be expressed in the title," as being a bill that not only incorporates Gloversville, but also divides Johnstown.

3. SAME—ENACTMENT OF STATUTES—ADOPTION OF PART OF ANOTHER ACT.

Laws N. Y. 1890, c. 55, tit. 9, (incorporating the city of Gloversville,) which gives the city recorder authority to hold a court of special sessions, does not violate Const. N. Y. art. 3, § 17, which provides that "no act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or any part thereof, shall be applicable except by inserting it in such act."

Appeal from court of sessions, Fulton county.

Edward Wilber was convicted of violating the excise laws of the state of New York, in selling intoxicating liquors in quantities less than five gallons at a time, to be drank on his premises, without having a license so to do, and sentenced to "be imprisoned in the Albany county penitentiary ninety days, and that he pay a fine of fifty dollars, and be imprisoned in said penitentiary until said fine is paid, not exceeding fifty days; in addition to said ninety days," and from a judgment of the court of sessions, affirming in part the judgment of the recorder's court of the city of Gloversville, N. Y., defendant appeals. Code Crim. Proc. N. Y. § 364, *is as follows:* "If the sufficiency of the facts alleged as a ground of challenge be denied, the adverse party may except to the challenge. The exception need not be in writing, but must be

entered upon the minutes of the court; and thereupon the court must proceed to try the sufficiency of the challenge, assuming facts alleged therein to be true." Section 366 provides that, "if the challenge be denied, the denial may, in like manner, be oral, and must be entered upon the minutes of the court; and the court must proceed to try the question of fact." Const. N. Y. art. 3, § 16, provides that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title;" and section 17 provides that "no act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act."

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Clark L. Jordan*, for appellant. *William Green*, (*Edgar A. Spencer*, of counsel,) for the People.

LEARNED, P. J. This case was submitted without argument. We have endeavored to understand on what legal grounds the defendant asks a reversal. We cannot, on this appeal, review the refusal of the county judge to grant the certificate authorized by section 57, Code Crim. Proc. Before any jurors were drawn, the defendant challenged the array on the ground that the jury was summoned by an officer connected with the police department of Gloversville, and under the official control of the complainant, who is chief of the police of that city, and that said jury were not fairly and impartially drawn. The record says: "People object. No testimony offered to sustain challenge. Challenge overruled." The people do not appear to have insisted that the challenge should be in writing, (Code Crim. Proc. § 363;) and at any rate it is written in the record. It is not clearly stated whether the people excepted to the challenge (Code Crim. Proc. § 364) or denied the facts, (section 366.) But from the statement, "No testimony offered to sustain challenge," we think that the understanding must have been that the facts were denied. If the challenge had been excepted to under section 364, then the court would have tried the sufficiency, assuming the facts alleged therein to be true. It is the part of the appellant to show affirmatively that there was error. He should therefore make it distinctly appear what course was taken in respect to the challenge. As he fails to do this, we think that in a case of this kind we are to take the view more favorable to the regularity of the proceedings. If the facts of the challenge were denied, and no evidence was given, then, of course, the challenge was properly disallowed. Now, it is quite plain that the people did not intend to admit that "the jury were not fairly and impartially drawn," which was a part of the challenge, and which could not be assumed to be true without evidence. It is true, as defendant says, that some of the matters alleged in his challenge appeared or might be shown by the record. But this last allegation did not so appear. We are to discover from the record, if possible, whether the people excepted, which is equivalent to demurring, or denied, by doing which there would be an issue of fact. They did not except to part and deny part, and they certainly did not except to that last allegation. If they had excepted to the challenge, there would be no reason for the entry that no testimony was offered.

The next point is that the authority given to the recorder is contained in the section incorporating the city of Gloversville, (Chapter 55, Laws 1890;)[1] that the act is unconstitutional under section 16, art. 3, of the constitution of New York, because it not only incorporates Gloversville, but divides Johnstown, (sections 1, 6, tit. 1.) Section 1 declares that a certain part of Johnstown shall constitute the city of Gloversville, and section 6 declares that the rest shall be Johnstown. It does not seem to us that this is within the constitutional

[1] Entitled "An act to incorporate the city of Gloversville."

prohibition, especially when we consider what was the well-known object of that part of the constitution.

Another objection to the recorder's authority is that title 9 of the act last cited is unconstitutional under section 17, art. 3. Giving the recorder authority to hold courts of special sessions is not, we think, within the prohibition of that section as it has been construed by several decisions. The judgment and conviction are affirmed. All concur.