## PEOPLE *v.* CARNRICK.

*(Supreme Court, General Term, Third Department. July 11, 1891.)*

CRIMINAL LAW—ADJOURNMENT OF TRIAL—INTOXICATION OF DEFENDANT.

The minutes of a city recorder holding a court of special sessions stated that defendant was informed of his right to have his case certified for prosecution by indictment, (Code Crim. Proc. N. Y. §§ 57, 58,) and that he waived the right; also that defendant's intoxication, if any, was not such as to incapacitate him to comprehend the statements made to him by the court. *Held,* that the refusal of the court to grant an adjournment on the ground of defendant's intoxication would not be disturbed merely on the affidavit of defendant that he was drunk, and the affidavit of his attorney that the recorder said that he (defendant) was very drunk, and that he seemed dazed.

Appeal from court sessions, Fulton county.

Charles H. Carnrick was arrested on a criminal warrant charging him with the crime of assault in the third degree. From a judgment of the court of sessions, affirming a judgment of conviction of the recorder's court of the city of Gloversville, N. Y., defendant appeals. Code Crim. Proc. N. Y. §§ 57, 58, are as follows: "Sec. 57. Upon filing with the magistrate, before whom is pending a charge for any of the crimes specified in the last section, a certificate of the county judge of the county, or of any justice of the supreme court, that it is reasonable that such charge be prosecuted by indictment, and fixing the sum in which the defendant shall give bail to appear before the grand jury, and upon the defendant giving bail, as specified in the certificate, all proceedings before the justice shall be stayed, and he shall, within five days thereafter, make a return to the district attorney of the county of all proceedings had before him upon the charge, together with such certificate and the undertaking given by the defendant thereon, and the district attorney shall present such charge to the grand jury: provided, however, that no such certificate shall be given except upon at least three days' notice to the complainant or to the district attorney of the county of the time and place for the application therefor. Sec. 58. When a person is brought before a magistrate charged with the commission of any of the crimes mentioned in section 56, and asks that his case be presented to the grand jury, the proceedings shall be adjourned for not less than five nor more than ten days; and if on or before the adjourned day the certificate mentioned in section 57 is not filed with the magistrate before whom the charge is pending, and bail given by the defendant as therein prescribed, the magistrate shall proceed with the trial, and when the defendant is brought before the magistrate it shall be the duty of the magistrate to inform him of his rights under section 57 and this section."

Argued before LEARNED, P. J., and MAYHAM, J.

*Clark L. Jordan,* for appellant. *William Green,* (*N. H. Anibal,* of counsel,) for the People.

LEARNED, P. J. The questions as to jurisdiction are disposed of in *People* v. *Wilber,* 15 N. Y. Supp. 435, (argued at this term.) The defendant insists that there was an abuse of discretion in the refusal to adjourn on account of the absence of a witness. We think that the affidavit made by defendant for the purpose of obtaining such adjournment does not show so strong a case that we can hold that there was an abuse of discretion upon a matter which

necessarily rests largely on the good sense of the trial court. The defendant. also insists that when arrested on the 28th of August he was not in a condition to plead, on account of intoxication, and that he did not realize that he was waiving any rights under sections 57, 58, Code Crim. Proc. On the contrary, the minutes returned by the recorder show that the defendant was-informed of those rights, and waived them; and the recorder makes a special statement in his return that the defendant was informed of those rights, and that his intoxication, if any, was not of such a degree as to incapacitate him from comprehending the statements made to him by the court. It is, of course, true that one may be in such a mental condition, by reason of intoxication, as to be incapable of making the request provided for by section 58, but, unless there is very strong evidence to impeach the correctness of the recorder's return, we should accept it as correct. Here there is only the defendant's statement and the affidavit of the counsel that the recorder said defendant was very drunk when brought before him, and that after the arrest defendant seemed to his counsel to be in a dazed condition. No proceedings were taken under section 758, Code Crim. Proc., to compel an amended return. The evidence of the assault was abundant, and was not contradicted. No defense was made by the defendant upon the trial. The judgment of the sessions is affirmed. All concur.