# 𝕮𝖆𝖘𝖊𝖘

---

THE PEOPLE OF THE STATE OF ·NEW YORK, Respondent, *v.* HOMER LOCKWOOD SARVIS, Appellant.

*Change of venue by a defendant indicted for murder in the first degree — the Appellate Division may review an order denying it — comments of the press, when not a sufficient ground therefor.*

An order denying a motion, made by a person indicted for the crime of murder ·in the first degree, for a change of venue, on the ground that a fair and impartial trial could not be had in the county in which he was indicted, is appealable to the Appellate Division.

The comments of the press in the immediate vicinity, concerning the crime and the apprehension. of its alleged perpetrators, do not constitute a sufficient reason for changing the venue, where no facts are stated from which it can fairly be inferred that such comments have created a feeling against the defendant which will operate to his prejudice upon. the trial.

APPEAL by the defendant, Homer Lockwood Sarvis, from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Orange on the 21st day of November, 1901, denying the defendant's motion to change the place of trial from the county of Orange to some other county.

This appeal was transferred from the second department to the first department.

*Henry Bacon,* for the appellant.

*A. H. F. Seeger,* for the respondent.

PER CURIAM:

In June, 1894, the defendant was indicted by the grand jury of Orange county for the crime of murder in the first degree. He

was arrested in December, 1900, and arraigned in January, 1901, and pleaded "not guilty," and the trial was then and at a subsequent term of the court postponed either on his motion or for irregularities in the return of the sheriff to an extra panel of jurors summoned. The defendant thereafter moved to change the place of trial from the county of Orange to some other county in the State on the ground that a fair and impartial trial could not be had in that county. The motion was denied and the defendant has appealed.

At the outset it is urged on the part of the learned district attorney that the order is not appealable to this court; that if the defendant be convicted of the crime for which he has been indicted, an appeal from the judgment of conviction must, under section 517 of the Code of Criminal Procedure, be taken direct to the Court of Appeals, and, on such appeal, the order here appealed from can be reviewed, and not otherwise.

We cannot agree to this conclusion. We are clearly of the opinion that an order of this character can be reviewed by this court, and that it has the power, where the defendant has been indicted for the crime of murder, to change the trial from the county in which the indictment has been found to another county in the State in order that a fair and impartial trial may be had before an unprejudiced jury, but there is nothing in the record before us from which it can fairly be said that such a trial cannot be had in the county of Orange. Substantially all there is to the defendant's claim that a fair and impartial trial cannot there be had are the comments of the press in that immediate section concerning the crime and the apprehension of its alleged perpetrators. No facts are stated from which it can fairly be inferred that a feeling exists against the defendant by reason of these comments which will operate to his prejudice upon the trial.

And this view seems to have been entertained by defendant's counsel, at least until they ascertained that the district attorney intended to move the trial at Newburgh, the place where the crime is alleged to have been committed, instead of Goshen.

The order appealed from must be affirmed.

Present — VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN, HATCH and LAUGHLIN, JJ.

Order affirmed.