<hr/>

(121 App. Div. 226)

## PEOPLE v. BUTTS.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

1. INDICTMENT—NECESSITY—MISDEMEANORS—CERTIFICATE BY JUDGE.

> Under Laws 1897, p. 500, c. 378 (Greater New York Charter) § 1406, committing the trials of misdemeanors in the first instance to the Court of Special Sessions, with the exclusion of libel, subject to the power of certain judges to certify that it is reasonable that a charge of misdemeanor should be prosecuted by indictment, a defendant, charged with violating Pen. Code, § 266, by working on a Sabbath day as an engineer on a locomotive attached to cars, in moving the cars from one track to another, making a noise and disturbing the peace of the Sabbath, the same not being a work of necessity, was entitled to a certificate that it was reasonable that the charge against him should be prosecuted by indictment.

2. CRIMINAL LAW—APPEAL—DECISIONS REVIEWABLE.

> An appeal lies from an order denying an application of defendant for a certificate that it was reasonable that the charge against him should be prosecuted by indictment.

Appeal from Special Term, Richmond County.

Ernest W. Butts was charged with a misdemeanor, and from an order denying his application for a certificate that it was reasonable that the charge against him should be prosecuted by indictment, he appeals. Order reversed, and certificate granted.

Argued before JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Howard S. Gans, for appellant.

John J. Kenney, Dist. Atty., for the People.

JENKS, J. This is an appeal from an order denying an application of the defendant for a certificate that it was reasonable that the charge against him should be prosecuted by indictment. The defendant was charged with a misdemeanor, in violating section 266 of the Penal Code by working on a Sabbath day as an engineer on a locomotive engine attached to cars, in moving and shunting the cars from one track to

another, making a noise and disturbing the peace of the Sabbath; the same not being a work of necessity. He was committed to await the action of the Court of Special Sessions. He gave bail, and then applied for a certificate.

A misdemeanor is misconduct or offense inferior to a felony. As a rule misdemeanors do not present difficult questions of law or intricate questions of fact. They are not necessarily punished by severe penalties. Though they may be prosecuted by indictment, yet a statutory assignment of criminal law work has committed the trials of misdemeanors in the first instance to the Court of Special Sessions, with the exclusion of libel, which exclusion is significant. This jurisdiction is subject to the power of certain judges to certify that it is reasonable that a charge of misdemeanor should be prosecuted by indictment. Section 1406 of the Greater New York Charter (Laws 1897, p. 500, c. 378).

"Reasonable" is a generic word, difficult of adequate definition; but I take it to mean, in such a case as this, just, proper, fair, or equitable. So the question is whether it was just and proper that this charge should be tried by indictment, meaning a preliminary investigation by a grand jury and a trial by a court with a jury, and not by a Court of Special Sessions. Without reflecting upon any incumbent of that court, which numbers many competent men, presumably a more satisfactory trial of a cause which may present difficult questions of law and intricate questions of fact, and may be far-reaching in its effect as a precedent, would be afforded by such a certificate. I am clear that this is a proper case for a certificate. It appears that the work complained of was about a freightyard of a railroad, and incident to the carriage of freight. Even at first glance it is seen that the case raises a question of the necessity of such work, which may involve inquiry into the perishability of the freight, the necessity of moving live stock, of furnishing food to the markets, of moving cars which might block transportation, and many like matters; and it is more than likely that questions of law more or less important may be presented. Certainly a decision may be far-reaching in its effect, for it may ultimately become a precedent which will regulate the Sabbath day work of the railway companies of the state, and come keenly home to business and to labor. On the other hand, there is presented the possible violation of the policy of the state, which has set apart the seventh day to the relaxation, rest, and peace of the community, secured by a cessation of work.

While there is no specific provision in the charter authorizing an appeal, the right to review the decision of a single judge, when that involves a substantial right, is generally fundamental, and deemed to exist, rather than not to exist. Matter of Brady, 69 N. Y. 220. This application is like unto a decision of a motion made for a change of venue, which has been held appealable, even in the absence of any specific provision therefor in the Code. People v. Sarvis, 69 App. Div. 604, 74 N. Y. Supp. 1067. Moreover, if the learned court erred in the refusal of a certificate, I am not clear that there is any other manner of review. In People v. Wilber, 15 N. Y. Supp. 436, 61 Hun, 620, the General Term of the Third Department held that it could not, upon an appeal from a judgment of the Court of Sessions, review the refusal

of the county judge to grant a certificate as authorized by section 57 of the Code of Criminal Procedure.

I am of opinion that the order should be reversed, and the certificate granted. All concur.

Argued before JENKS, HOOKER, GAYNOR, and MILLER, JJ.

