(59 Misc. Rep. 371.)

PEOPLE v. WILLIS.

(Court of General Sessions, New York County. May, 1908.)

INDICTMENT AND INFORMATION—PROSECUTION BY INDICTMENT—MISDEMEANORS.
  Where a police officer is charged with a misdemeanor, and the conviction might cause a forfeiture of his position and of his right to payments from the police pension fund, the case is one of public interest, and a certificate under Greater New York Charter, Laws 1901, p. 602, c. 466, § 1409, subd. 2, that it is reasonable that the charge against him should be prosecuted by indictment, is proper.

Edward M. Willis was charged with a misdemeanor, and applies for a certificate that it is reasonable that the charge be prosecuted by indictment. Application granted.

Henry J. Goldsmith, for the motion.
Cornelius J. Sullivan, opposed.

CRAIN, J. This is an application for a certificate, under subdivision 2 of section 1409 of the Greater New York charter (Laws 1901, p. 602, c. 466), that it is reasonable that the charge against the defendant should be prosecuted by indictment. The certificate is applied for for the purpose of divesting the Court of General Sessions of jurisdiction to hear and determine the charge against the defendant. The defendant is charged with the commission of a misdemeanor, to wit, a violation of section 289 of the Penal Code. The defendant is an officer of the municipal police force. As such he took, upon his appointment, the constitutional oath to refrain from violating the laws of the state of New York; and a conviction upon the charge might result in the forfeiture of his position in the police department. As a police officer he will become entitled, in certain contingencies, to payments from the police pension fund. The consequences of a conviction, therefore, in his case are exceptional. It is, moreover, a matter of public interest that the trial of a police officer upon a charge as serious as that made against the defendant should be attended with that publicity which attaches to cases tried in this court before a jury.

The other features of the case, moreover, bring it within the recent decision of Judge Swan in the case of People v. Frederick N. Goldsmith. The granting of the certificate appears reasonable within the decision of People v. Butts, 121 App. Div. 226, 105 N. Y. Supp. 677, and People v. Rosenberg, 112 N. Y. Supp. 316, the latter decided at this term of the court.

Application granted.