DAVID SHAPIRO, Plaintiff, *v.* MAX GOLDSTEIN et al., Defendants.

(Municipal Court of the City of New York, Borough of The Bronx, Second District, October, 1920.)

Landlord and tenant — action for rent — reasonableness of increase submitted to jury — motion to set aside verdict in favor of plaintiff denied.

Where the evidence in a case is so evenly balanced that reasonable men might differ as to the inferences to be drawn therefrom, the court, having fairly submitted the case to the jury, may not set aside the verdict as against the weight of evidence.

Where in an action to recover rent due September 1 and October 1, 1920, for apartments in the city of New York, the defendant contends that the fact that the rent paid to plaintiff for the same premises, prior to September 1, 1920, was about eighty per cent less than that demanded of him now, and the court submits to the jury the question of the reasonableness of the increase in rent, a motion by plaintiff, upon whom was the burden of proof, to set aside a verdict in his favor as against the weight of evidence, upon the ground that the increased rent granted by the verdict was insufficient, will be denied in the absence of proof that it was influenced by bias, passion, prejudice or corruption.

ACTION for rent.

Anthony J. Romagna, for plaintiff.

A. A. Enklewitz, for defendants.

ROBITZEK, J.   This action came on for trial before the court and jury and resulted in a verdict in favor of plaintiff, allowing him an increase of ten per cent over present rates.

These actions were brought for rent which became due on September 1 and October 1, 1920, for apartments in premises No. 1302 Washington avenue, borough of The Bronx, city and state of New York.

The defendant alleged as a defense that the rents for which these actions were brought were unjust and unreasonable, and in support of this statement, the defendants contended that prior to September 1, 1920, the rents paid to the plaintiff for the same premises were about 80 per cent less. The defendants claimed that these facts constituted a defense under the provisions of chapter 944 of the Laws of 1920, and demanded a trial by jury, and thereupon the plaintiff filed with the clerk of the court a verified bill of particulars. The plaintiff now asks that the verdict of the

jury in his favor should be set aside, upon the ground that the increased rent granted by the jury's verdict is insufficient.

The burden was upon the plaintiff to prove the reasonableness of the increase, and the burden of proof was never upon the defendants in these actions. The plaintiff contends that the rents he demanded were reasonable and fair, and the court submitted the question of reasonableness to the jury.

It is a well-established principle of law that when the question of reasonableness depends upon inference to be drawn from peculiar, numerous and complicated circumstances, such as are involved in these actions, it becomes a question of fact. It might be reasonable owing to peculiar hazards or difficulties in one place to receive greater rents than it would be in another upon the same investment. Then again, reasonableness of rents relates to both the landlord and the tenants. Rents must be reasonable under these recent rent laws to both, and if they are not, the tenant must be preferred. Reasonableness under this legislative act is a term synonymous with fair, and a reasonable and fair rent is such rent as the jury upon the trial of the case shall under all the circumstances decide to be reasonable. In *People* v. *Butts,* 121 App. Div. 226, it was held that " reasonable " was a generic word, difficult of adequate definition, but meaning just, proper, fair and equitable.

The evidence of the parties hereto resulted in a question of fact, whether the jury believed the plaintiff in reference to the expense and maintenance charges. The question of fact then being submitted to the jury for their deliberation, the court cannot set aside their results. It is the law where there is a fair conflict in the evidence, where there are witnesses on

either side whose credibility is to be determined, especially where witnesses are parties to or interested in the action; where there are bills and circumstances sworn to by the plaintiff, the fact of which is to be determined, and the inferences from which are to be drawn, the question of fact must be determined by the jury and not by the court.

It is a well-settled rule of law that where the evidence in a case is so evenly balanced that reasonable men might differ as to the inference to be drawn therefrom, and it is fairly submitted to a jury, the court may not, in the exercise of its discretion, set aside the verdict rendered as against the weight of evidence.

It seems to me that a verdict of a jury which passed upon the question of reasonableness of the rent should not be set aside as against the weight of evidence, unless there be something showing it was influenced by bias, passion, prejudice or corruption, or that there was absolutely no evidence upon which a jury could bring in the verdict.

Under the circumstances, I am constrained to deny the motion. Motion to set aside the verdict and for an order granting a new trial denied.

Motion denied.