## SECOND DEPARTMENT, MARCH, 1931.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID BERNSTEIN, Appellant.

SCUDDER, J. (dissenting). Defendant was indicted for murder, and thereafter entered a plea of insanity. He was subsequently declared insane by a commission, and is now in custody. After he had examined the grand jury minutes, defendant's counsel moved to dismiss the indictment. This motion was denied by the county judge, and the defendant appealed. The district attorney then moved to dismiss the appeal on the ground that the order appealed from is not appealable. If the district attorney's motion is granted, the defendant must remain in a State institution for insane criminals, charged with a felony, until his death, or until he becomes sane, when he may be tried. This condition will be brought about by the opinion of a single judge. I am familiar with those cases which appear to hold that defendant's appeal will not lie (*People* v. *Grout, No. 1*, 166 App. Div. 220; *People* v. *Brindell*, 194 id. 776; *People* v. *Lazersohn*, 147 id. 227). The reason is that " orders may be reviewed only as intermediate orders, incidental to, and upon, an appeal from the judgment of conviction." (*People* v. *Grout, No. 1, supra.*) The right to appeal in a criminal action is found in section 517 of the Code of Criminal Procedure. In some unusual cases the right to appeal from an intermediate order has been permitted. An appeal was allowed on a motion to change the venue in a criminal case. (*People* v. *Jackson*, 114 App. Div. 697; *People* v. *Sarvis*, 69 id. 604.) In *People* v. *Butts* (121 App. Div. 226) this court held the appeal would lie from an order denying an application for a certificate that it was reasonable that the charge against defendant should be prosecuted

by indictment. Mr. Justice Jenks said in that case: " The right to review the decision of a single judge, when that involves a substantial right, is generally fundamental and deemed to exist rather than not to exist. (*Matter of Brady*, 69 N. Y. 215, 220.) This application is like unto a decision of a motion made for a change of venue, which has been held appealable, even in the absence of any specific provision therefor in the Code. (*People* v. *Sarvis*, 69 App. Div. 604.) Moreover, if the learned court erred in the refusal of a certificate, I am not clear that there is any other manner of review." If this defendant is not allowed to appeal, his insanity creates a bar to his release by way of review of an order made by a single judge. This practically results in the decision of the court below being a final determination of the matter. Such a situation is, in my opinion, unjust and contrary to the spirit of the law. I see no good reason, legal or otherwise, to dismiss the appeal, and, therefore, dissent from the opinion of my associates.