THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM McGUINNESS and GEORGE MURPHY, Defendants.

County Court, Kings County, September 12, 1938.

*William F. X. Geoghan, District Attorney [Harry Walsh of counsel],* for the plaintiff.

*Leo Healy,* for the defendant William McGuinness.

*Benjamin Shifter,* for the defendant George Murphy.

BRANCATO, J.   The above-named defendants are jointly accused by information filed against them in the Court of Special Sessions of having conspired to obstruct justice and the due administration of the law in violation of section 580 of the Penal Law.   By their application they pray this court for a certificate certifying that it is reasonable that the charge now pending against them in the

Court of Special Sessions be prosecuted by indictment pursuant to section 31 of the Inferior Criminal Courts Act which, as far as it applies in this case, reads as follows: " The Court [of Special Sessions] shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases: * * * (c) If, before the commencement of any such trial, a justice of the Supreme Court in the judicial department where the trial would be had; or, if the charge be triable in the county of New York, a judge authorized to hold a Court of General Sessions of the Peace in and for the county of New York; or, if the charge be triable in another county, a county judge thereof shall certify that it is reasonable that such charge shall be prosecuted by indictment."

The authorities are numerous and in accord which hold that the discretionary power conferred by this statute upon the courts to grant the relief herein requested is reasonably exercised whenever it appears, *first*, that a case presents intricate and complicated questions of fact, rendering a jury trial proper; or, *second*, that it presents difficult questions of law; or, *third*, that a property right is invoked; or, *fourth*, that the decision would be far-reaching in its effect and become a precedent which will regulate a matter of general interest; or, *lastly*, " that the case is of exceptional character and that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions." (*People* v. *Rosenberg*, 59 Misc. 342; *People* v. *Willis*, Id. 371; *People* v. *Schumann*, 146 id. 395; *People* v. *Butts*, 121 App. Div. 226; *People* v. *Cook*, Id. 901; *People* v. *Morganstern*, 134 Misc. 127; *People* v. *Manupella*, 139 id. 722; *People* v. *Hughes*, 161 id. 405.)

The district attorney strenuously opposes this application and contends that the defendants have failed to establish that their case comes within any of the reasons stated in the *Rosenberg* case.

There is no denial that the defendant Murphy is a civil service employee of the city of New York, classified as an elevator operator. The defendant McGuinness has been and still is an attorney duly admitted to practice law in this State and holds the public office of assistant district attorney of Kings county. Both defendants are members of the pension system and for many years they have regularly contributed to its fund. They come, therefore, within the purview of the third condition above mentioned, since their conviction would involve the loss of their property right in said fund. (*People* v. *Willis*, 59 Misc. 371; *People* v. *Schumann*, 146 id. 395; *People* v. *Calendrillo*, N. Y. L. J. Feb. 15, 1938, p. 785.)

The prosecution further contends that since McGuinness' tenure of office may be terminated by the district attorney at will, and

Murphy's by his superior after a hearing upon written charges previously served upon him pursuant to the Civil Service Law, and also because their dismissal is not reviewable by certiorari proceedings for the purpose of reinstatement as in the case of a police officer, their right in the pension fund is uncertain, and a conviction, therefore, does not involve a forfeiture of property right.

I cannot accede to this reasoning. The authority of a superior to dismiss a subordinate from a vested office or the procedure to be adopted by him therefor is a collateral issue. The right of the defendants to the pension fund depends upon their present membership in good standing in the pension system, without any reference to the stability or uncertainty of their continuance in the public service. If it were otherwise, then even one holding an elective, constitutional office from which he can be dismissed only by impeachment, would have no property rights in the pension fund during his tenure of office, since there can be no review or appeal from the decision of the impeaching body.

With respect to the application of the defendant McGuinness, there is an added element which deserves consideration. McGuinness has been an attorney duly admitted to practice law in this State and he also holds the position of assistant district attorney of Kings county. The practice of law is considered a privilege granted by the State. Attorneys " are officers of the court, exercising a privilege or franchise, subject to removal or suspension by the courts; but, if they are not so removed or suspended, they hold their office for life." (*Matter of Baum*, 8 N. Y. Supp. 771.) An attorney is said, therefore, to be not entitled upon this ground to an order transferring his case from the Court of Special Sessions to be prosecuted by indictment. (*People* v. *Speiser*, 162 Misc. 9; *People* v. *Miller*, N. Y. L. J. Nov. 25, 1933, p. 1959; *People* v. *Nadel*, Court of Gen. Sessions, May 24, 1936 [unreported].) But the public office held by McGuinness requires that the incumbent thereof be a member of the bar at the time of his appointment and during the tenure of his office. A conviction of the defendant in the Court of Special Sessions will affect not only his status as a member of the bar but will, of necessity, involve the forfeiture of his office.

With this additional circumstance, it is reasonable for this court to exercise its discretion and grant defendant's application.

By the provisions of subdivision c of section 31 of the Inferior Criminal Courts Act, the court is vested with the power to determine the reasonableness of applications made thereunder. The statute does not impose other limitations than that the request be reason-

able. The five reasons or conditions contained in the learned opinion of Judge CRAIN in *People* v. *Rosenberg* (*supra*) are indeed effective aids or guides whereby the court can fairly and equitably exercise judicial discretion in these matters. I do not understand them, however, to be mandatory provisions, admitting of no exception, so as to preclude the existence of other causes for which the court can reasonably exercise the discretion contemplated in the statute under consideration. While judicial discretion demands that we do not arrive at decisions capriciously and in disregard of the decisions of other courts of concurrent jurisdiction, we are not impelled to accept as mandatory precepts what are intended to be but rules of guidance. In the *Rosenberg* case (*supra*) the court prefaced its enunciation of the five principles in question with the statement that " Such applications are largely addressed to the discretion of the court, and each case must be decided largely in the light of the special facts of the case." It was not intended to lay down any general rule. Very aptly, also, did the court similarly express itself in the case of *People* v. *Hughes* (*supra*), wherein it stated that " the four reasons first urged do not necessarily and conclusively establish a general rule to be followed in these matters; and they do not in and of themselves in every such application constitute a valid reason for granting the relief sought here."

Whether or not an attorney, accused in the Court of Special Sessions for the commission of a misdemeanor, is entitled by order of the County Court to have his case transferred to be prosecuted by indictment, is not the issue herein presented. The defendant McGuinness besides being an attorney, holds a public office open only to a member of the bar. A conviction which involves his status to practice law will, of necessity, affect his tenure of public office in consequence of said conviction. His request for a jury trial is, therefore, reasonable under the provisions of the statute in question.

Motions granted. Submit order.