THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ARTHUR HARRINGTON, Defendant.

County Court, Kings County, November 16, 1938.

*William F. X. Geoghan, District Attorney [George F. Palmer* of counsel], for the plaintiff.

*James M. Brooks,* for the defendant.

FITZGERALD, J. This is a motion for an order certifying that it is reasonable that the charges against the defendant be prosecuted by indictment. (Inferior Criminal Courts Act, § 31, subd. 1, ¶ c.)

Two informations have been filed in the Court of Special Sessions, one charging the defendant with culpable negligence in operating an automobile and departing from the scene of a resulting accident without stopping and giving the information required by the statute in such case provided; the other with operating a motor vehicle on a public highway while intoxicated.

The application is based upon the assertion that a property right of defendant is involved.

It is alleged that the defendant is a member of the New York city police department, and entitled to certain pension benefits, and that his rights thereto would be jeopardized by an unfavorable outcome of the trial.

The statute provides that the Court of Special Sessions may be divested of jurisdiction of certain misdemeanors whenever a

county judge " shall certify that it is reasonable that such charge shall be prosecuted by indictment."

No criterion is established by law to demark what would be " reasonable " to justify the certificate.

From time to time the courts have formulated certain rules, which have been quite uniformly followed upon such applications.

Summarized they are: (a) That a case presents intricate and complicated questions of fact, which render a jury trial proper; (b) that it presents difficult questions of law; (c) that a property right is involved; (d) that a decision may be far reaching in its effect and become a precedent which will regulate a matter of general interest; (e) that the question is of such a novel character — a matter of first impression — unadjudicated, and different views may be entertained, reasoning from principle and analogy, as to how it should be decided; (f) that the case is of such an exceptional character that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions.

The statute is that it is " reasonable " that the charge be prosecuted by indictment.

" Reasonable," under the circumstances, has been held to mean " just, proper, fair, equitable." (*People* v. *Butts*, 121 App. Div. 226.)

The applications are addressed to the discretion of the court, and as has been said (*People* v. *Rosenberg*, 59 Misc. 342), " each case must be decided largely in the light of the special facts of the case."

This application is based upon the fact that the defendant is a member of the uniformed police force and possessed of certain rights in the pension fund.

It seems to have been definitely settled that such facts justify the certificate. (*People* v. *Calendrillo*, N. Y. L. J. Feb. 15, 1938, p. 785; *People* v. *Willis*, 59 Misc. 371; *People* v. *Schumann*, 146 id. 395.)

Motion granted.