THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALICE R. P. SATTERTHWAITE, Defendant.

Supreme Court, Special Term, New York County, April 29, 1949.

*Frank S. Hogan,* District Attorney (*Whitman Knapp* and *Harold Roland Shapiro* of counsel), for plaintiff.

*C. E. Frank* and *Herman J. McCarthy* for defendant.

O'BRIEN, J. This is an application under paragraph (c) of subdivision 1 of section 31 of the New York City Criminal Courts Act (L. 1910, ch. 659, as amd.) for a certificate that it is reasonable that the charges now pending against the defendant in the Court of Special Sessions of the City of New York should be prosecuted by indictment.

This section provides that the Court of Special Sessions has exclusive jurisdiction of the trial of misdemeanor charges but that it shall be divested of such jurisdiction where " before the

commencement of any such trial, a justice of the supreme court in the judicial department where the trial would be had  \*  \*  \* shall certify that it is reasonable that such charge shall be prosecuted by indictment.''

The determination of this application is within the absolute discretion of this court. The defendant is awaiting trial in the Court of Special Sessions on informations filed in that court pursuant to direction of the grand jury and the order of the Court of General Sessions, charging her with placing out children without a license (Social Welfare Law, § 374, subd. 2), with conspiracy and with perjury in making a false affidavit regarding the whereabouts of the natural mother of a baby whom defendant placed out.

The moving papers indicate that these charges involve the construction of the Social Welfare Law, the question of the legality of private or voluntary adoptions where an intermediary, such as this defendant, assists natural mothers in placing out their children for adoption, and that this particular section of the Social Welfare Law has never had a judicial interpretation. If there be any need for an interpretation, a solution of this problem is obviously a question of law.

There is nothing unique about the second charge of conspiracy and perjury, as these are typical Court of Special Sessions cases. I see no reason why the Court of Special Sessions cannot pass upon all questions of law and fact involved in this matter. The moving papers do not disclose any unusual or extraordinary circumstances sufficient to warrant a divestment and the motion is accordingly denied.