THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PATRICK O'NEILL, Defendant.

Supreme Court, Extraordinary Special and Trial Term, Richmond County, October 6, 1953.

*William C. Brennan, Jr.,* for defendant.

*Nathaniel L. Goldstein, Attorney-General (William B. Herlands* and *Abraham M. Paltz, Special Assistant Attorneys-General,* of counsel), for plaintiff.

BENVENGA, J. This is an application by defendant, charged with the misdemeanor of perjury in the second degree, for a certificate, under section 31 of the New York City Criminal Courts Act, that it is reasonable that the charge be prosecuted by indictment.

As has been pointed out, there are many decisions construing section 31, not all of which are in accord (*People* v. *Schulman,* 175 Misc. 157, 158). Indeed, even decisions since the *Schulman* case are in direct conflict (see *People* v. *Satterthwaite,* 195 Misc. 33). All the cases, however, are agreed that, in the final analysis, the application is addressed to the sound discretion of the court, and that a certificate should issue if, in the opinion of the court, it is " reasonable " that it should be issued . And " reasonable ", within the meaning of the statute, has been held to mean just, proper, fair, equitable (*People* v. *Butts,* 121 App. Div. 226, 227).

Whether a certificate should issue depends upon the facts and circumstances of the particular case. In determining that question, not only should the charge be considered, but also the circumstances surrounding the commission of the crime charged. The fact that the defendant may, for reasons which he deems compelling, desire a jury trial is immaterial. The case should, at least, present exceptional features such as would justify the court in acting favorably upon the application. No such features are here presented.

In the first place, the case does not present complicated issues of fact or difficult questions of law. On the contrary, the issues of fact are simple and the questions of law are elementary. Nor does the case involve moral issues of such a nature that the verdict of a jury might better serve the public interest than the judgment of a Court of Special Sessions (*People* v. *Morganstern,* 134 Misc. 127, 128).

Moreover, the fact that, prior to the filing of the information, the same Grand Jury filed an indictment charging the defendant and twenty-two others with a conspiracy is immaterial, especially since there is no connection between the conspiracy and the perjury. In other words, the perjury is not an overt act in furtherance of the object of the conspiracy; it is a separate and distinct crime, both in law and in fact. The charges cannot therefore, as counsel asserts, be tried and disposed of at the same time before a jury.

Finally, assuming, without deciding, that the condition of the calendar of this court is a factor which may be taken into consideration (see *People* v. *Schulman, supra*), suffice it to say that the granting of the application would not only unduly prolong the investigation, but would greatly inconvenience and hamper the work of the court.

For these reasons, I am of the opinion that, under the circumstances, this motion should be and is denied.