UNITED STATES ex rel. Pete POLLOCK, Petitioner,

v.

Wilfred L. DENNO, Warden of Sing Sing Prison, Respondent.

United States District Court
S. D. New York.
April 21, 1960.

Nancy Carley, Jackson Heights, N. Y., for petitioner.

Isidore Dollinger, Dist. Atty., Bronx County, New York City, for respondent. Walter E. Dillon, Asst. Dist. Atty., Bronx County, New York City, of counsel.

METZNER, District Judge.

The relator, Pete Pollock, has moved by order to show cause for a writ of habeas corpus. Pollock was convicted in the County Court of Bronx County, New York, of murder in the first degree, and the conviction was affirmed by the Court of Appeals of the State of New York (People v. Pollock, 6 N.Y.2d 890, 190 N.Y.S.2d 700, 160 N.E.2d 920). Certiorari was denied by the Supreme Court of the United States on February 23, 1960, 80 S.Ct. 600.

The petition in support of the order to show cause states that:

> "Pete Pollock was denied due process of law and equal protection of the laws when the trial court failed to comply with Section 366 of the New York Code of Criminal Procedure and disallowed his challenge to the Special Panel of jurors impanelled for his trial without proceeding to try the question of fact raised in his challenge, to wit: whether service on the panel was limited to jurors who had voted for convictions in the past and whether jurors who had voted for acquittals

in the past were excluded therefrom."

The District Attorney of Bronx County opposes the application on the ground that there is nothing in the record of the proceedings to show that this contention was raised in the state court, and consequently the petitioner did not exhaust his state remedies in relation to the present claim.

The Judiciary Law of the State of New York (29 McKinney's Consolidated Laws § 749–aa) provides that the District Attorney in a criminal action may apply to the court to impanel a special jury, commonly known as a "blue ribbon" jury, where it is claimed that the subject matter of the indictment has been so widely commented upon that an ordinary jury cannot, without delay and difficulty, be obtained to try the issues. The District Attorney so moved in this case. This basis for securing a special jury has been sustained as constitutional by the Supreme Court. Fay v. People of State of New York, 332 U.S. 261, 271, 67 S.Ct. 1613, 91 L.Ed. 2043.

The affidavit submitted in opposition to the motion for a special jury denied that it would take a great deal of time to select the jury and therefore there would not be considerable delay in trying the case. The affidavit further stated that:

> "The practice of District Attorneys requesting Special Panels or Special Juries in Capital cases is [in] my opinion a violation of the defendant's Constitutional rights. These so-called Special Juries or Special Panels are hand-picked jurors who have consistently voted for convictions. I defy the District Attorney to show me any juror in the Special Panel who ever voted to acquit a defendant. The only names that are put into the panel box are such jurors, namely, convicting jurors and not acquitting jurors."

The motion of the District Attorney was granted and a panel of special jurors was drawn.

At the opening of the trial, counsel for defendant requested permission to make a preliminary motion challenging the entire jury panel upon the grounds "that this is a special jury panel, which deprives the defendant of his constitutional rights to a trial by jury of his peers under both the New York State and Federal Constitutions." The District Attorney opposed the oral motion on the grounds that the statute provided for such challenges to be in writing, specifying distinctly the grounds constituting the challenge. Code of Criminal Procedure, § 363. However, a reading of the record indicates that the District Attorney did not press this objection. He asked that defendant's counsel specify the grounds of challenge.

Counsel for defendant then stated, without specification, that he renewed the opposition to the special jury upon the same grounds as were set forth in his papers on the motion for a special jury. Counsel for the defendant further stated that he was also objecting on the ground that a special jury "deprived the defendant of his rights under the Fourteenth Amendment of the United States Constitution, also to a fair and impartial trial by a jury of his peers, that the special panel necessarily operates to deprive the choice of members of the community, situated in the same economic class as himself."

The court noted that the parties had made their record on this point, denied the motion, and counsel proceeded with the selection of the jury.

After trial the defendant was convicted and an appeal was taken to the Court of Appeals. Point V of the defendant's brief before the Court of Appeals argued that the granting of the motion for a special jury was an abuse of discretion. After four pages of argument devoted to sustain the contention of abuse of discretion, the point was concluded with the following two paragraphs:

"As was stated in defendant's affidavit in opposition to this motion, a Special Jury violates defendant's rights to a jury trial of his peers under the Fourteenth Amendment to the United States Constitution. To lawyers practising in the criminal courts, it is well known that Special Jurors are 'Convicting Jurors'.

"Defendant renewed his objection to the Special Jury at the trial itself (61). Defendant contends that the prosecution made no showing sufficient to entitle it to a Special Jury. That if the sole basis is that it is a Capital case, then the holding in People v. Hall, supra [169 N.Y. 184, 62 N.E. 170], be not applied to this case and that this Court, if necessary, change the position it has taken in the Hall case, so that the District Attorney be required to give good and sufficient reasons for a Special Jury in a capital case, which was not shown in this case."

The Court of Appeals affirmed the judgment of conviction. A motion was made by relator's present counsel, requesting the Court of Appeals to amend the remittitur to indicate:

"Whether the defendant's rights under the due process clause of the 14th Amendment to the United States Constitution were violated by the order of the trial court impanelling a special jury."

The remittitur was amended as follows:

"Upon the appeal herein there was presented and necessarily passed upon a question under the Constitution of the United States, viz.: Appellant Pollock contended that the order of the Court impaneling a special jury violated his right to a fair and impartial trial by a jury of his peers under the Fourteenth Amendment to the Constitution of the United States. The Court of Appeals held that the order impaneling a special jury did not violate his right under the Fourteenth Amendment". People v. Pollock, 7 N.Y.2d 733, 193 N.Y.S.2d 633, 162 N.E.2d 724.

I have purposely set forth *in extenso* the record before the Court of Appeals as it affects the instant application in order to show the context in which the constitutional rights of the relator are claimed to have been invaded. Certainly the charge was there, although not forcibly made, that special juries were so constituted that persons who previously had voted for acquittal in a criminal case were not chosen for these panels. However, the burden of the arguments made both in the trial court and in the Court of Appeals was that it was an abuse of discretion to impanel a special jury in this particular case and, further, that such a jury violated the relator's constitutional rights for all of the reasons already passed upon and overruled in Fay v. People of State of New York, supra.

The motion to amend the remittitur and the amendment itself would indicate that the Court of Appeals only passed upon the constitutional validity of impaneling a special jury. The question of the constitutional validity of the composition of that jury in this particular case appears to remain open, especially since it was given such a minor, tangential role throughout the course of the proceedings in the state court.

It is clear that the opposition to the composition of the special jury is not properly raised on the motion for impaneling such a jury. On that motion the opposition should be confined to negating the existence of the grounds upon which the court is requested to exercise its discretion in granting the application. The time for objecting to the composition of the jury is on the opening of the trial or shortly prior thereto, by challenging the panel. The procedure for such challenge is provided in the Code of Criminal Procedure (66 McKinney's Consolidated Laws §§ 359–387). Section 363 states that such a challenge must be taken before a juror is sworn and be in writing, specifying distinctly the facts constituting the grounds of challenge. Here the challenge was made on the opening of the trial before the swearing of a juror, but admittedly was not in writing. However, in People v. Wilber, 3rd Dept. 1891, 61 Hun. 620, 15 N.Y.S. 435, 436, the court dealt with the problem of failure to offer the challenge through a specific writing. In that case the defendant challenged the array orally and the court said:

"The record says: 'People object. No testimony offered to sustain challenge. Challenge overruled.' The people do not appear to have insisted that the challenge should be in writing, (Code Crim.Proc. § 363;) and at any rate it is written in the record."

It must be borne in mind that the question here presented was incorporated merely by oral reference to an affidavit in a motion decided by a judge other than the trial judge.

Section 364 provides that if the sufficiency of the facts be denied the District Attorney may except to the challenge and the court is directed to proceed to try the sufficiency of the challenge, assuming the facts to be true. This is in the nature of a motion to dismiss. If the challenge be denied by the District Attorney, then the court must proceed to try the question of fact raised by the challenge and denial (Section 366).

Since the trial court obviously proceeded on the basis that either it was precluded from considering the challenge, or it was unnecessary to do so because of the prior order granting the motion for a special jury, the statutory procedure outlined above was never invoked by the court. This court is in the dark as to whether the Court of Appeals considered the failure to follow the statutory procedure, or whether it treated the ruling by the trial judge as determining the challenge on the basis of an exception by the District Attorney (see, People v. Damron, 212 N.Y. 256, 258, 106 N.E. 67) or whether the point was even raised before that court and considered by it.

Admittedly, the area of federal habeas corpus is not the most clearly defined in the law. See 73 Harvard

L.Rev. pp. 101–125, and 108 U. of Pa.L. Rev. p. 461. But even within the accepted rules it is impossible on the record presented here to determine the fundamental question of the jurisdiction of this court to grant the writ of habeas corpus. Exhaustion of state remedies is necessary, and exhaustion of those remedies includes not only the use of all available procedural steps, but also the raising in the state courts, if at all possible, of the point upon which jurisdiction of this court may be predicated. See United States ex rel. Pascal v. Burke, D.C., 90 F.Supp. 868; United States ex rel. Williams v. La Vallee, 2 Cir., 276 F.2d 645.

On the state of the record here the relator has failed to show that he has exhausted state remedies as required by 28 U.S.C.A. § 2254. This petition for a writ of habeas corpus is denied.