(59 Misc. Rép. 342.)

### PEOPLE v. ROSENBERG.

(Court of General Sessions, New York County, May, 1908.)

1. INDICTMENT AND INFORMATION—MISDEMEANORS—STATUTES.
   Where an application is made by a person charged with a misdemeanor committed within Greater New York for a certificate by a judge authorized to hold a Court of General Sessions that the offense be prosecuted by indictment, as authorized by Greater New York Charter, Laws 1901, p. 602, c. 466, § 1409, the burden is on the accused to show that such request is reasonable.

2. CRIMINAL LAW—JURISDICTION OF COURTS—TRANSFER OF CAUSES— STATUTE—"REASONABLE."
   Greater New York Charter, Laws 1901, p. 602, c. 466, § 1409, subd. 2, provides that if, before the commencement of any trial in the Court of Special Sessions, certain judicial officers, including a judge authorized to hold a Court of General Sessions of the Peace for the county of New York, shall certify that it is reasonable that such charge shall be presented by indictment, the court of Special Sessions shall be divested of jurisdiction thereof. Held, that the word "reasonable," as so used, means "just, proper, fair, equitable."
   [Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p. 5953.]

3. INDICTMENT AND INFORMATION — MISDEMEANORS — FORM OF PROSECUTION — GROUNDS.
   Greater New York Charter Laws 1901, p. 602, c. 466, § 1409, subd. 2, authorizes certain judicial officers in New York City to certify that it is reasonable that a misdemeanor charge for an offense committed in such city shall be prosecuted by indictment, in which case the Court of Special Sessions is divested of jurisdiction. Held, that to establish the reasonableness of such an application, accused must show, either that the case presents intricate and complicated questions of fact, rendering a jury trial proper; that it presents difficult questions of law; that a property right is involved; that the decision may be far-reaching in its effect, and become a precedent which will regulate a matter of general interest—or that the case is of exceptional character, and that accused for some special reason cannot have a fair trial in the Court of Special Sessions.

4. SAME—INTRICATE QUESTIONS OF LAW.
   A charge against a pawnbroker for violating Greater New York Charter, Laws 1901, p. 137, c. 466, § 317, based on his alleged unlawful refusal to exhibit to a police officer certain property alleged to have been pawned with him, and to have been represented by a certain pawn ticket, as required by such section, did not involve an intricate question of law, so as to

justify its being prosecuted by indictment, in that it was a matter difficult of decision whether the section applied where the possessor of a pawn ticket is a bailee of the ticket as distinguished from the owner.

5. SAME.

Where a pawnbroker was charged with petty larceny in obtaining money by false pretenses that some articles have in fact been pawned with the defendant, and was represented by a given pawn ticket, such charges presented no difficult question of law, authorizing their prosecution by indictment.

6. CONSTITUTIONAL LAW—PROPERTY RIGHTS.

The right of a person to pursue a lawful occupation or calling is a property right.

7. LICENSES—NATURE OF LICENSE—RIGHTS OF LICENSEE.

A license to a person to follow any particular trade or business is not an appointment to office, nor does it confer any of the powers or privileges of a public officer; its object being merely to control the business and prevent its being conducted in a manner injurious to the public welfare.

8. INDICTMENT AND INFORMATION—MISDEMEANORS—PROPERTY RIGHTS. ·

Since the conviction of a pawnbroker of petty larceny and of violating Greater New York Charter, Laws 1901, p. 137, c. 466, § 317, prohibiting the refusal of a pawnbroker to exhibit to a police officer any pawned property, etc., would not necessarily, and as a matter of law, work a revocation of the pawnbroker's license, such prosecution did not involve a property right, so as to make reasonable the prosecution of such offenses by indictment on that ground.

Louis Rosenberg was charged with petit larceny and conspiracy, and with violating Greater New York Charter, Laws 1901, p. 137, c. 466, § 317, and he applied to the Court of General Sessions for a certificate directing prosecution by indictment. Application denied.

Abraham Levy, for the motion.

William Travers Jerome, District Atty. (E. Crosby Kindleberger, of counsel), opposed.

CRAIN, J. Three charges of misdemeanor are made against this defendant. Two charge the defendant with petit larceny and conspiracy. The third charges him with the violation of section 317 of the Greater New York Charter, Laws 1901, p. 137, c. 466. He has been held to appear and answer in the Court of Special Sessions in the city of New York, in the first division thereof, on each of these charges; and he has moved, in each case, for an order and certificate of this court that it is reasonable that these charges be prosecuted by indictment.

The defendant is a licensed pawnbroker. Each petit larceny charge is predicated upon the alleged obtainment of money by the defendant by means of alleged false representations, alleged to be contained upon pawn tickets alleged to have been issued by the defendant. The charge, under section 317 of the Greater New York Charter, is based upon an alleged unlawful refusal, on the part of the defendant, to exhibit to a police officer of the city of New York certain property alleged to have been pawned with the defendant, and alleged to have been represented by a certain pawn ticket issued by the defendant. The motions are made under subdivision 2 of section 1409 Greater New York Charter (Laws of 1901, c. 466). The material part of this section provides that if, before the commencement of any trial in the Court

of Special Sessions, certain judicial officers, including a judge authorized to hold a Court of General Sessions of the Peace in and for the county of New York, shall certify that it is reasonable that such charge shall be prosecuted by indictment, the Court of Special Sessions shall be divested of jurisdiction to proceed with the hearing and determination of the same. As applications are frequently made to a judge of this court for certificates, under the second subdivision of the section mentioned, it seems proper to state that the burden is upon the moving party to show that it is "reasonable" that the charge against the defendant so moving should be prosecuted by indictment. "Reasonable," in this connection, has been recently defined to mean "just, proper, fair, equitable." People v. Butts, 121 App. Div. 226, 105 N. Y. Supp. 679. It follows, from the language of the section in question, and from the general policy of the law, which commits the trial of misdemeanors, in the first instance, with the exclusion of libel, to the Court of Special Sessions, that applications like the present should not be granted as matters of course. The reasons which would justify such a certificate must be something more than the mere preference of the defendant for a jury trial. People v. Levy, 24 Misc. Rep. 469, 53 N. Y. Supp. 643; People v. Wade, 26 Misc. Rep. 586, 57 N. Y. Supp. 645. Such applications are largely addressed to the discretion of the court, and each case must be decided largely in the light of the special facts of the case. Without, therefore, attempting to lay down any general rule, it may be said that, to warrant the granting of such an application, it should appear either, first, that a case presents intricate and complicated questions of fact, rendering a jury trial proper; or, second, that it presents difficult questions of law; or, third, that a property right is involved; or, fourth, that a decision may be far-reaching in its effect, and become a precedent which will regulate a matter of general interest; or, lastly, that the case is of exceptional character, and that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions. People v. Levy, supra; People v. Wade, supra; People v. Cornyn, 36 Misc. Rep. 135, 72 N. Y. Supp. 1088; People v. Butts, 121 App. Div. 227, 105 N. Y. Supp. 679.

The cases at bar, manifestly present no intricate questions of fact. It is urged, however, in support of the motions, that the charges against the defendant do present difficult questions of law. It is, moreover, urged that property rights will be affected by judgments of conviction, and that, for each of these reasons, the cases should be removed. It is somewhat hard to define what considerations should determine whether a given question is or is not a difficult question of law. It is plain that it should not be so regarded where it has been authoritatively decided. It is equally plain that it should be so regarded where it has been the subject of conflicting decisions by courts of co-ordinate jurisdiction, or whose decisions are entitled to equal weight. It probably should be likewise so regarded where it is novel —a matter of first impression—unadjudicated upon, and where different views can be entertained as to how, reasoning from principle and analogy, it should be decided. Applying these tests, are the questions presented in the cases at bar against the defendant difficult questions

of law? It is urged that such a question is presented in connection with the charge involving an alleged violation of section 317 of the Greater New York Charter, for the reason that it is asserted that it is doubtful, and a matter difficult of decision, whether such section applies where the possessor of a pawn ticket is a bailee of the ticket, as in the case at bar, as distinguished from an owner of the same. The question may be novel, but, applying the ordinary canons of construction to the section in question, one seemingly not difficult of decision. It is urged that such a question is presented in connection with each of the petit larceny charges, for the reason that it is asserted that in each the larceny, if committed, consisted in the obtainment of money by false pretenses, and that the alleged false pretenses related merely to the value of the article pawned, and amounted to nothing but an expression of opinion, and was of a character which did not subject the defendant to criminal liability, and that this contention by the defendant presents a difficult question of law. An examination of the informations leads me to think that one representation, among others alleged to have been false, was the representation that some article had in fact been pawned with the defendant, and that such pawned article was represented by the given pawn ticket. So construed, the petit larceny charges against the defendant present no difficult question of law.

As stated, it is also urged that property rights would be affected by judgment of conviction, and that, for this reason, the cases should be removed. Where the decision of a charge of misdemeanor prosecuted by information will affect a property right, the current of decisions is to the effect that such circumstance presents a ground for granting the certificate now applied for. Within the principle upon which these decisions rest, is a property right involved in these cases?

The defendant is a licensed pawnbroker. The license to him is issued under the provisions of chapter 339, p. 508, Laws 1883, as amended by chapter 240, p. 456, Laws 1890, and subsequent amendments. The original act provides in substance that all pawnbrokers in cities having 200,000 inhabitants or more must be licensed by the mayor, and the penalty of $100 for each day is provided for the transaction in any such city of a pawnbroking business without such a license. The license is fixed at $500 yearly, and a bond in the penal sum of $10,000 is required to be given in addition. Various regulations are made respecting the interest pawnbrokers may charge, the books they must keep and other matters. The mayor is given power to impose fines of not less than $25, or more than $100, for violations of the provisions of the act, except for not procuring the license. Section 2 of the act (Laws 1883, p. 508, c. 339) gives the mayor "full power and authority to revoke such license for cause." By the Greater New York charter power is given to the board of aldermen to regulate the business of pawnbrokers (sections 44, 51), and a certain general supervision over pawnbrokers is given to the police commissioner and the mayor (sections 121, 316, 317).

The right which a person has to pursue a lawful occupation or calling is, using the term in its broadest sense, a property right. See Slaughter-House Case, 16 Wall. 116, 122 (21 L. Ed. 394), where

Bradley, J., in his dissenting opinion, says: "This right to choose one's calling is an essential part of that liberty which it is the object of government to protect; and a calling when chosen is a man's property and right." A license to a person to follow any particular trade or business is not an appointment to office, nor does it confer any of the powers or privileges of a public officer. Its object is for the purpose of controlling the business and preventing its being conducted in a manner injurious to the public welfare. People v. Acton, 48 Barb. 524. The defendant, by the payment of a license fee and the .giving of a bond, has acquired the right to pursue for a stated time a certain calling. This right is evidenced by a license and is revocable by the mayor "for cause." While, doubtless, large discretion is vested in the mayor, the license is not held wholly at his pleasure. It cannot be arbitrarily revoked. The defendant not only has rights under the license which the court would protect, but the courts would, in a proper case, enjoin or give damage for a wrongful revocation of the license. A conviction in the case at bar would seemingly, prima facie present good cause for the revocation of the defendant's license; but such a conviction would not necessarily, and as a matter of law, work such a revocation. In this respect the cases at bar are different from convictions for violations of sections 11, 21, 22, 23, 24, 30, or 31 of the Liquor Tax Law, Laws 1896, pp. 51, 65, 66, 72, 73, c. 112, § 34, subds. 2, 3, as amended Laws 1897, pp. 237, 238, c. 312, which convictions, ipso facto, work a forfeiture of the license (People ex rel. Frank Brewery v. Cullinan, 168 N. Y. 258, 61 N. E. 243; People v. Gantz, 41 Misc. Rep. 542, 85 N. Y. Supp. 79); and it is in part because of this distinction that a property right cannot be said to be involved in the present case in the sense in which such a right is involved in certain cases under the liquor tax law.

As the applications in these cases for certificates, certifying that it is reasonable that they should be prosecuted by indictment, do not fall within any of the classes of cases in which such certificates are properly granted, the applications are denied.