THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FANNY GITTER, Defendant.

Supreme Court, New York County, March 11, 1929.

694

*Joab H. Banton, District Attorney,* for the plaintiff.

*Hays, St. John, Abramson & Schulman,* for the defendant.

McCook, J. This motion raises a single point for decision: Shall the defendant, charged with violating section 1141 of the Penal Law, be tried by three judges at Special Sessions or by a judge and jury in the Court of General Sessions? The question of fact to be determined by whichever tribunal tries Miss Gitter is whether the circular she gave out advertising the Free Thought Book Club's " Rasputin the Holy Devil " was or was not " obscene, indecent, immoral or impure." If the book itself, instead of a one-sheet folded four-page announcement of it, were involved, this court might be inclined to follow the principles laid down as applied to a play in *People* v. *Morganstern* (134 Misc. 127), cited and quoted from in the defendant's affidavit. (See discussion of conflicting inferences as to the decency of books contained in the prevailing and dissenting opinions, *Halsey* v. *N. Y. Society,* 234 N. Y. 1.) When such considerations as public need of protection against indecency are or may be balanced by the freedom of artistic or literary expression the public mind should be satisfied and the jury may be assumed better adapted to such an end than any judge or judges. It is difficult to understand how freedom of expression is involved in a pamphlet which, in announcing a book, sees fit to select and present two excerpts, one describing a seduction by the chief character and the other a sexual orgy by " the people of God;" these being immediately followed by a red-ink statement that they are only a few of hundreds of such experiences and preceded on the front page by a red-ink assurance that they are typical. No certificate that it is reasonable to have the charge prosecuted by indictment appears necessary or desirable. Motion for certificate denied, with ten dollars costs. Short-form order signed.