THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MILTON SPEISER and Others, Defendants.

Court of General Sessions of County of New York, December 16, 1936.

*George Gordon Battle [I. Maurice Wormser* and *Irving Mariash* of counsel], for the motion.

*William Copeland Dodge, District Attorney [Bernard Botein* and *Lyon Boston, Deputy Assistant District Attorneys,* of counsel], opposed.

BOHAN, J. Defendants herein have moved that the proceedings now pending against them in the Court of Special Sessions be transferred to the Court of General Sessions and be prosecuted by indictment, and further that the order heretofore granted on the 20th day of November, 1936, transferring the proceedings herein to the Court of Special Sessions to be tried by information, be vacated.

The defendants herein predicate their application upon the circumstances that there is involved herein: (1) Intricate questions of fact; (2) difficult questions of law; (3) the property rights of the defendants; (4) most important matters of general interest to the entire legal profession; and (5) the peculiar and special circumstances that though technically merely a misdemeanor, the conviction will unquestionably be followed by disbarment proceedings with a complete loss to the defendants of their standing and reputation and their entire source of livelihood.

In support of these reasons various authorities have been submitted supporting the defendants' claim that this court has power to grant the application in the exercise of its discretion.

The court is of the opinion on reading these authorities that they have no application in point for the reason that the charge against the defendants does not involve any of the five grounds for this court to certify " that it is reasonable that such charge " should " be prosecuted by indictment." (Inferior Crim. Cts. Act, § 31.)

Emphasis is made upon the fact that two of the defendants herein are members of the bar. It has been repeatedly held that the right to practice law is not a right, but merely a privilege, and may be withdrawn by the State through its proper disciplinary body when such privilege has been violated.

On the other hand, the district attorney, in support of the order heretofore granted transferring this case to the Court of Special Sessions pursuant to section 742 of the Code of Criminal Procedure, maintains that as a result of the grand jury investigation the order of November twentieth was made by direction of the grand jury of the November term and approved upon order by this court.

The district attorney further maintains that the bench and bar of this county are vitally interested in an expeditious trial of these

and other cases in an effort to wipe out the practice known as " ambulance chasing."

These reasons alone in the opinion of the court were sufficient to approve the order dated November 20, 1936, transferring the case herein to Special Sessions to be tried by information. If applications of this kind were granted, this court would be swamped in trials for misdemeanors for which the Court of Special Sessions is ably and competently fitted to try.

The application to revoke the order transferring these proceedings to the Court of Special Sessions is denied, and further the application to transfer these proceedings to the Court of General Sessions to be tried by indictment is also denied.