THE PEOPLE OF THE STATE OF NEW YORK, Complainant, *v.*
RAYMOND N. SABOURIN, Defendant.

County Court, Queens County, February 2, 1938.

*Sydney Rosenthal*, for the defendant, for the motion.

*John J. Bennett, Jr., Attorney-General* [*Sol Ullman, Assistant Attorney-General,* of counsel], for the complainant, opposed.

COLDEN, J. The defendant, a chiropractor, was arrested on or about June 18, 1937, charged with unlawfully practicing medicine as defined by subdivision 7 of section 1250 of the Education Law and in violation of sections 1251 and 1263 of the Education Law of the State of New York. Thereafter he was arraigned in the City Magistrates' Court, pleaded not guilty, waived a hearing and was held for trial in the Court of Special Sessions, Borough of Queens, City of New York. He now makes this application for a certificate that it is reasonable that the charge against him should be prosecuted by indictment, as provided in section 31, subdivision 1, clause (c), of the Inferior Criminal Courts Act. (See Code Crim. Proc. § 57.)

A similar application was made in *People* v. *Rosenberg* (59 Misc. 342), and in that case Judge CRAIN set forth the principles which must serve as a guide in making decisions upon applications for certificates of removal. In order to warrant the granting of such certificate one of the following facts must appear affirmatively: (1) That the case presents intricate and complicated questions of fact rendering a jury trial proper, or (2) that it presents difficult questions of law, or (3) that a property right is involved, or (4) that a decision may be far-reaching in its effect and become a precedent which will regulate a matter of general interest, or (5) that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions.

*People* v. *Rosenberg* (*supra*) was decided in May, 1908. Years later an application was made in this court before Mr. Justice ADEL, then county judge of Queens county, in *People* v. *Werner* (139 Misc. 479, decided Feb. 5, 1931), for the same relief as is requested in the present application. Mr. Justice ADEL adhered to the principles set forth in *People* v. *Rosenberg* (*supra*) and denied the application.

The present application must be tested in the light of the principles set forth in the foregoing cases. A careful reading of the affidavit and of the excellent briefs submitted on this motion fails to disclose any facts which indicate that this case meets any one of the tests set forth in the cases cited. It is true that the affidavit contains a rather exhaustive discussion of the proposed proof of the merits of chiropractic. The difficulty is that the defendant is not charged with being a chiropractor. The charge against him is that he practiced medicine without first being licensed, and the proof at the trial will necessarily be confined to the particular acts which it is claimed constituted a violation of the Education Law of the State of New York. Nor is it a matter of defense that

it is claimed that forty-three States approve of the practice of chiropractic. Our courts must apply our law as it exists in our State. As it is, our law does not forbid the practice of any particular art or school of healing of itself. What it does do is to forbid persons to practice the art and science of treating those who are ill unless the practitioners have first met the educational requirements of our State. (See *People* v. *Allcutt*, 117 App. Div. 546; *People* v. *Mulford*, 140 id. 716; *People* v. *Ellis*, 162 id. 288; *People* v. *Eifersen*, 136 Misc. 32; *People* v. *Lee*, 151 id. 431.)

It is urged that great numbers of our people are in favor of new standards which will permit chiropractors to pursue their calling without meeting the present statutory requirements. The obvious answer to this contention is that their appeal and views should be addressed to the members of our Legislature. (See *People* v. *Lee*, *supra*, where this subject is exhaustively discussed.)

The defendant earnestly contends that he is entitled to a jury trial as a matter of right because the punishment which may be imposed in the event of a conviction carries with it mandatory imprisonment for one year and a fine of $500, as provided in subdivision 3 of section 1263 of the Education Law. The sentence to be imposed is not mandatory, but is in the sound discretion of the court. (*People* v. *Bockman*, 234 App. Div. 494.)

The defendant urges that inasmuch as the sentence may be for a year it falls within the provisions of subdivision 1 of section 2182 of the Penal Law, which provides that where the sentence is for one year, confinement may be in a county jail, penitentiary or *State prison*. Defendant contends that inasmuch as a felony is a crime which is or may be punishable by death or imprisonment in a State prison (Penal Law, § 2), therefore, he cannot be tried by a Court of Special Sessions inasmuch as that court has not jurisdiction to try felonies. The fact that a crime may be punishable by imprisonment for a year or even longer does not mean that the Court of Special Sessions may sentence a defendant to a State prison. Under subdivision 4 of section 1263 of the Education Law the Court of Special Sessions is given express authority to try the charges against this defendant. (For an excellent discussion of this subject see *People ex rel. Jeffe* v. *Henderson*, 245 App. Div. 169; affd., 270 N. Y. 638. See, however, *People* v. *Bellinger*, 269 N. Y. 265, in which it is stated [at p. 271] that the court determines " that the provisions of the Constitution requiring indictment by a grand jury and a trial by a petit jury relate to those crimes where the punishment may be in State's prison *or for a longer term than one year in any prison.*") (Italics mine.)

This court, however, has not the power to determine a question of jurisdiction of the Court of Special Sessions upon an application for a certificate of removal. (*People* v. *Kraft*, 229 App. Div. 281.) If the Court of Special Sessions has not jurisdiction then a certificate of removal is not necessary. The correct procedure is indicated in *People* v. *Kraft* (*supra*) and the citations therein contained.

For the reason that no facts are presented on this application to bring this case within any one of the rules set forth in *People* v. *Rosenberg* (*supra*) and *People* v. *Werner* (*supra*), and for the further reason that this court is without power to pass upon the question of the jurisdiction of the Court of Special Sessions in considering this application (*People* v. *Kraft, supra*), the motion is denied. Submit order.