THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FREDERICK C. ZINKE, Defendant.

County Court, Kings County, March 10, 1939.

*John J. Bennett, Jr., Attorney-General [Dorothy W. Smith, Assistant Attorney-General,* of counsel], for the plaintiff.

*James J. Munro,* for the defendant.

FITZGERALD, J. Three complaints were filed in a Magistrates' Court in which defendant was charged with the illegal practice of medicine. Upon a motion to dismiss the complaints it was stipulated that witnesses would testify in support of the allegations in the complaints and that such allegations should be considered as established for the purpose of the motion. The magistrate held defendant for trial at Special Sessions. Informations charging defendant with illegal practice of medicine have been filed in Special Sessions. Defendant applies for certificates, pursuant to the provisions of section 31 of the Inferior Criminal Courts Act (Laws of 1910, chap. 659, § 31), that it is reasonable that the charges against defendant be prosecuted by indictment.

The defendant is a chiropractor. The charges are that defendant's conduct constitutes the practice of medicine.

It has been held in *People* v. *Werner* (139 Misc. 479 [1931]) and in *People* v. *Sabourin* (166 id. 23 [1938]) that the fact that a chiropractor is charged with the illegal practice of medicine does not justify the issuance of the certificates requested.

Defendant urges that the pending application differs from those passed upon in the foregoing cases in that the situation herein is unique. It is asserted that in the instant application there are

complicated questions of law and fact, that the determination herein will be of far reaching consequences, that the defendant will be prevented from following his occupation and thus deprived of his livelihood, and that an adverse decision herein will vitally affect at least two million people.

Reliance is placed upon *People* v. *Rosenberg* (59 Misc. 342), wherein Judge CRAIN attempted to summarize certain rules that should curtail the determination of applications for the certificate desired.

It must be remembered that the legality of chiropractic is not involved. The question to be determined on the trial is whether defendant's acts and conduct constituted the practice of medicine and whether he was qualified to practice that profession.

None of the grounds urged for the issuance of the certificates are sufficient.

*People* v. *Rosenberg* (*supra*) was decided in 1908. The Inferior Criminal Courts Act (Laws of 1910, chap. 659), enacted in 1910, contains a provision that no one shall be appointed a justice of the Court of Special Sessions unless he has been admitted to practice in the Supreme Court of this State at least ten years.

Prior to that time there was no requirement that justices of the Court of Special Sessions should be lawyers. The court recalls a noted bench of the Court of Special Sessions which consisted of a lawyer, a butcher and an undertaker. No such situation can exist today. Justices of the Special Sessions are experienced, capable and competent lawyers, all as well qualified to determine questions of law as the judges of this court.

The argument that these judges are not qualified to decide the questions of law and fact involved herein is without merit.

Defendant urges further that a property right is involved, since an adverse decision will preclude him from following his usual occupation, which is a legal business.

Defendant quotes from a dissenting opinion in the *Slaughter House Cases* (16 Wall. 36, 116), as follows: " This right to choose one's calling is an essential part of that liberty which it is the object of the government to protect; and a calling when chosen, is a man's property and right."

Also from *International News Service* v. *Associated Press* (248 U. S. 215, at p. 236), that " The right to acquire property * * * by the conduct of a lawful business is as much entitled to protection as the right to guard property already acquired."

It is undoubtedly the law that persons have a natural right to pursue any lawful calling. There is no right to pursue an unlawful business or to conduct a lawful enterprise in an illegal or unlawful manner.

It is not contended that chiropractic is prohibited by law or is unlawful.

The charge here is that the defendant is violating the law by practicing medicine without a license. That is not a difficult question either of law or of fact.

The other grounds urged for the issuance of the certificates were advanced and held insufficient in *People* v. *Werner* and *People* v. *Sabourin*, heretofore cited.

Sufficient reason not having been shown to justify the issuance of certificates that it is reasonable to prosecute the charges pending in the Court of Special Sessions by indictments, the applications are denied.