THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MATTHEW PETRULLA, Defendant.

County Court, Kings County, December 20, 1939.

*William F. X. Geoghan, District Attorney [George F. Palmer, Assistant District Attorney, of counsel], for the plaintiff.*

*Max K. Ehrlich, for the defendant.*

FITZGERALD, J. This is an application under section 31 of the Inferior Criminal Courts Act (Laws of 1910, chap. 659, as amd.) for a certificate that the charge pending against the defendant be prosecuted by indictment.

The defendant is charged with indecent exposure in violation of section 1140 of the Penal Law.

In support of the application it is alleged that the defendant is an employee of the Federal government, to wit, a rigger's helper; that he has been so employed since May 4, 1937, that he is a member of a pension system; that conviction might jeopardize his employment and might affect his pension rights.

Prior to, and since, the enactment of the Inferior Criminal Courts Act, certain rules have been promulgated by judicial decisions as guides in determining such motions.

It has been generally held that whenever it appears (a) that a case presents intricate and complicated questions of fact, which justify a jury trial; (b) that difficult questions of law are involved; (c) that a property right is affected; (d) that the decision would be far-reaching in its effect and become a precedent which will regulate a matter of general interest; or (e) that the case is of exceptional character and that the defendant for some special reason cannot have a fair trial in the Court of Special Sessions, it would be a

reasonable exercise of discretion to grant such applications. (*People v. Rosenberg*, 59 Misc. 342; *People v. Willis*, Id. 371; *People v. Schumann*, 146 id. 395; *People v. Butts*, 121 App. Div. 226; *People v. Cook*, Id. 901; *People v. Morganstern*, 134 Misc. 127; *People v. Manupella*, 139 id. 722; *People v. Hughes*, 161 id. 405; *People v. McGuinness*, 168 id. 849.)

Applications coming within such rules were not conclusively determined favorably; it was still within the discretion of the court as to whether under the particular circumstances of each case, such applications should be granted. (*People v. Rosenthal, supra; People v. Hughes, supra; People v. McGuinness, supra.*)

The question now presented is whether mere membership in a governmental pension system is of itself controlling, and requires the issuance of the certificate. To adopt such a rule would result in stripping the Court of Special Sessions of jurisdiction over every employee of the Federal, State, county and municipal governments who is a member of a pension system. Such was not in the contemplation of the Legislature in the enactment of the Inferior Criminal Courts Act. Recently I pointed out the marked difference in the personnel of the judges of the Court of Special Sessions now and at the time when such applications were first made. (*People v. Zinke*, 170 Misc. 332, 333.)

There should be something more than mere membership in a pension system to transfer a case from Special Sessions to the County Court. The charge against the defendant is neither difficult nor complicated as to the law or the facts. No reason is assigned to sustain an inference that the defendant cannot, and would not, be fairly and impartially tried in the Court of Special Sessions. In addition the calendars of this court are now overburdened, and no cases should be transferred here, unless for exceptional reason. They are not apparent in this application. The reasons assigned do not convince me that it is reasonable that the charge should be prosecuted by indictment.

Denied.