THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BENJAMIN SCHULMAN, Defendant.

Court of General Sessions of County of New York, August 12, 1940.

*Thomas E. Dewey, District Attorney [William Mertens, Jr., Deputy Assistant District Attorney, of counsel], for the plaintiff.*

*Pilatsky & Gellinoff, for the defendant.*

STREIT, J. In January, 1940, the first additional grand jury commenced an investigation into alleged crimes in connection with the procurement of public contracts for printing. On February 6 and 8, 1940, this defendant appeared as a witness before that body.

On February 8, 1940, an order was signed by this court directing that an information be filed charging the defendant with the crime of perjury in the second degree. On that day such information was filed in the Court of Special Sessions charging him with perjury in the second degree in that he swore falsely concerning disposition of the proceeds of certain checks.

The defendant makes this motion for an order and certificate under paragraph (c) of subdivision 1 of section 31 of the Inferior

Criminal .Courts Act that it is reasonable that the within charge be prosecuted by indictment, contending (1) that there are intricate and complicated questions of fact involved; (2) that there are difficult questions of law to be decided; and (3) that the defendant cannot have a fair trial in the Court of Special Sessions. The district attorney refutes these contentions.

The defendant says that for fully ten minutes he was questioned before the grand jury concerning a prior oral unsworn and inconsistent statement he made to an assistant district attorney concerning the proceeds of certain checks of the Burland Printing Company, Inc. He states he was threatened with contempt proceedings if he did not answer the questions put to him. He did answer the questions.

The district attorney says that the defendant was questioned before the grand jury, among other things, concerning the disposition of the proceeds of those checks, but after hearing the defendant's testimony and other testimony, the grand jury and the district attorney recommended that an information pursuant to section 742 of the Code of Criminal Procedure be filed against the defendant, charging him with the crime of perjury in the second degree. The defendant was not asked to sign a waiver of immunity when he was called before the grand jury. He now insists that he was compelled to testify against himself on the perjury charge — an interesting question of law.

Courts of Special Sessions are frequently called upon to decide intricate questions of law. There are many able and experienced jurists in the Court of Special Sessions qualified to decide such questions of law. Some of the best jurists of the Court of General Sessions were once justices of the Court of Special Sessions Bench.

I do not believe that the difficulty of the question of law alone, except in cases of first impression, should be a reason for transferring a case from the Court of Special Sessions to the Court of General Sessions, nor should a defendant ordinarily be placed in a position of charging jurists with bias, and not being able to obtain a fair trial.

There have been many decisions construing this section and laying down rules, formulæ and guides for the courts, not all of which are in accord. (*People* v. *Hughes*, 161 Misc. 405; *People* v. *Rosenberg*, 59 id. 342; *People* v. *Cornyn*, 36 id. 135; *People* v. *McGuinness*, 168 id. 849; *People* v. *Manupella*, 139 id. 722; *People* v. *Dunne*, 140 id. 379; *People* v. *Schumann*, 146 id. 395; *People* v. *Petrulla*, 172 id. 853.)

In the final analysis, however, the application is addressed to the discretion of the court, and all that is required is that the court believes that it is " reasonable." " Reasonable " means just,

proper, fair or equitable. (*People* v. *Butts*, 121 App. Div. 226.) As I view it, such motions should be determined by the type of case. If it is not the type of case that appears on the Special Sessions calendar frequently, that is, if it is exceptional, if it is a serious criminal case, or if the case has been widely commented upon or is linked to other notorious cases, it is not a typical Special Sessions case. (Editorial N. Y. L. J. May 10, 1940, p. 2132.) Undue publicity may be a reason for granting a special jury. (Judiciary Law, § 749-aa, subd. 4.)

A conspiracy to commit a crime would be a typical Special Sessions case. Perjury in the second degree by itself is a typical misdemeanor, but a conspiracy to obstruct justice in an investigation involving public officials is a serious crime and not a typical Special Sessions case. Perjury in the second degree where the motive is to hamper or obstruct the grand jury investigation in connection with the procurement of public printing contracts is a serious crime and not a typical Special Sessions case. A conviction in such a case stigmatizes and brands a defendant, and unless extenuating circumstances exist, warrants severe punishment. To summarize, a certificate should be granted where the case is exceptional or serious or where the case has been highly publicized or associated with a notorious case.

Another fact too must be taken into consideration in connection with this application. All the persons charged with crime in connection with this investigation, except the defendant, are being prosecuted by indictment. The defendants Walsey and Weinstein were charged with State income tax violations, misdemeanors, but were indicted by the grand jury. No recommendation that they be tried by information by the Court of Special Sessions was made with respect to them. The defendant Edward Rab was charged with violation of the State income tax laws, a misdemeanor, and was originally prosecuted by information. On June 10, 1940, an order was signed by Judge MULLEN of this court that he be prosecuted by indictment.

Moreover, as Judge DONNELLAN stated in the case of *People* v. *Juskowitz* (173 Misc. 685, 691): "A trial by jury * * * would not inconvenience or hamper the work of the Court of General Sessions in view of the fact that the condition of the calendar in this court is such that a defendant can be tried immediately upon the joinder of issue." (See, also, *People* v. *Wade*, 26 Misc. 585; Editorials N. Y. L. J. August 30, 31, 1932, pp. 738, 752.)

I am of the opinion that it is reasonable that the within charge against the defendant be prosecuted by indictment. Motion for a certificate is granted.