Michael Catalano, J.
Defendant seeks an order certifying that it is reasonable that the charge now pending in the City Court of Buffalo, charging him with the crime of operating an automobile while his license was revoked in violation of subdivision 6 of section 70 of the Vehicle and Traffic Law, be prosecuted by indictment in the Supreme Court.
Ilis affidavit states that he was arrested on April 22, 1959; that on April 24, 1959, he appeared in the Buffalo City Court without counsel and requested an adjournment; that hereafter, he appeared again, requesting another adjournment, both of which were granted; that on the third return date, defendant’s counsel appeared in said court, demanding a jury trial pursuant to section 702 of the Code of Criminal Procedure; that the court denied same pursuant to section 70-a of the Buffalo City Court Act; that after another adjournment, defendant’s counsel again demanded a jury trial.
Section 702 of the Code of Criminal Procedure (derived from L. 1845, eh. 180, § 16 [should apparently be § 15]) provides: “Before the court hears any testimony upon the trial, the defendant may demand a trial by jury. ’ ’
Section 70-a of the Buffalo City Court Act (new section added by L. 1929, ch. 534) provides, in part: “In all cases of misdemeanors in which by section seventy of this act the city court of Buffalo has exclusive jurisdiction to hear and determine, the defendant at the time of his arraignment, or upon the first adjourned day thereafter, may demand a trial by jury. Such demand shall be in the form of a written notice to be filed with the chief clerk within the time aforementioned, and within one day after said filing a copy of said notice shall be served upon the district attorney of Erie county, and unless so demanded a jury trial is waived. ’ ’
*841 These two sections are deemed to he in pari materia (“ of the same thing”) and are to be construed together although passed by the Legislature at different times. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 221.) “ Thus a new enactment of a fragmentary nature is to be taken as intended to fit into the existing laws on the same subject unless a different purpose is clearly shown.” (Ibid, § 223.)
Where a special act, such as section 70-a of the Buffalo City Court Act, conflicts with a general act, section 702 of the Code of Criminal Procedure, the former will control, especially as to the procedure that will result in the waiver of a jury trial in the Buffalo City Court. (See People v. Halwig, 41 Misc. 227, 228-229.)
The burden of showing grounds for the removal of a minor cause for prosecution by indictment under section 57 of the Code of Criminal Procedure is upon the defendant. (People v. Litteer, 3 Misc 2d 505, 506; People v. Moore, 4 Misc 2d 745.)
These matters lie in the sound discretion of the court in each case. (People v. Rosenberg, 59 Misc. 342, 343-344; Matter of Knight, 178 Misc. 972, 974-975.)
The mere fact that the defendant prefers a jury trial is not enough. (People v. Porter, 108 Misc. 100,101; People v. Hassan, 113 N. Y. S. 2d 108, 110.)
Any right the defendant may have to a jury trial in the Buffalo City Court, as a Court of Special Sessions, is statutory and not constitutional. (People v. Harding, 115 Misc. 298, 299; People v. Forbes, 79 Misc. 442, 444; People v. Cilberg, 143 Misc. 130, 132.)
The remedy of appeal is always open to this defendant, if he should be convicted at a trial without a jury, at which time every claim made by the defendant upon the. trial may be urged, and every determination of law or fact be reviewed. (Matter of Mecca v. Wolts, 142 Misc. 535, 536.)
The eases of People v. Molinet (13 Misc. 301) and People v. Simonian (173 Misc. 131) are clearly distinguishable because neither involved the Buffalo City Court Act, and the reasoning in each is overshadowed by that of the other cases herein cited.
The defendant has failed to meet his burden of proof, therefore his application is denied, without costs.
Prepare and submit order accordingly.