Joseph A. Gavagan, J.
This is an application for a certificate declaring that an information pending in the Court of Special Sessions, New York County, should be transferred to the Court of General Sessions for prosecution by indictment and trial by jury. The petitioner, a member of the Bar of the State of New York, contends generally that it is presently impossible for a slum owner to obtain a fair trial in the criminal courts of New York City, and that in the interests of justice he should be prosecuted by indictment before a jury.
*300 The criminal charge against the petitioner arises from his alleged ownership, control, management or operation of five buildings located in this county. The same buildings have been the subject of a prosecution in the Court of Special Sessions against one Wyckoff, who pleaded guilty to the charges as agent. According to the petitioner herein, his pending prosecution ‘ ‘ has received, to say the least, the most profligate and notorious reportorial comment, extensive in coverage and vituperative in its nature * * *. These reports acutely show the tenor of the times and the maelstrom of events which have so sensitized the city administration as to make it scurry to fight any scandal with a viciousness not demanded by justice ”. In further support of the present application, the petitioner urges that the charge against him involves (1) complicated questions of law, (2) complicated questions of fact, (3) determination of property rights, and (4) far-reaching issues. Opposing the application, the District Attorney of New York County argues that the petitioner shows no special circumstances to impel this court to issue the certificate requested.
In May, 1959 the information against the petitioner and another defendant was filed in the Court of Special Sessions pursuant to the direction of the Grand Jury and an order of a Judge of the Court of General Sessions. The information is comprised of 251 counts, each a misdemeanor relating to a specific violation of the Multiple Dwelling Law in one of the five premises. On arraignment in the Court of Special Sessions the petitioner entered no plea and the codefendant pleaded not guilty. Thereafter, the petitioner made six motions addressed to the information, all of which were denied. In January, 1960, upon denial of his demurrer, he was directed to plead to the information, and when he refused, a plea of not guilty was entered for him by the court. Two further motions attacking the information were also denied by the Court of Special Sessions. Prior to the instant application, the petitioner moved in the Supreme Court, Bronx County, for the same relief he seeks here, but that motion was denied without prejudice. The present petition was brought on by order to show cause containing an interim stay of the trial in the Court of Special Sessions pending the hearing. Upon the hearing, the stay was continued by consent until determination of this application.
The power of this court to certify that it is reasonable to prosecute a criminal charge by indictment rather than by information is derived from section 31 of the New York City Criminal Courts Act. That statute, as has been well stated, “ is entirely devoid of any criteria for the determination of the circumstances *301 under which a court might consider a certificate should reasonably be issued ”. (Matter of Knight, 178 Misc. 972, 974; People v. Ryan, 38 N. Y. S. 2d 806, 808.) Moreover, the decisions on applications of this kind appear in conflict and afford no clear criteria. Only the facts and circumstances presented on each application can determine whether the relief requested is reasonable (People v. Le Tang, 77 N. Y. S. 2d 580). On such an application, “reasonable” has been defined to mean “just, proper, fair, [or] equitable ”. (People v. Butts, 121 App. Div. 226, 227). In other words, a certificate under section 31 should reasonably issue where it appears that prosecution by information in the Court of Special Sessions would be unjust, improper, unfair or inequitable. ‘ ‘ An unfair trial, especially in a criminal case, is a reproach to the administration of justice * * * A fair trial is a legal trial, or one conducted in all material things in substantial conformity to law” (People v. Wolf, 183 N. Y. 464, 472).
The petitioner’s charge that he cannot obtain a fair trial in the Court of Special Sessions because of newspaper pressure on the Mayor of the City of New York and because the Mayor appoints the Justices of that court is unsupported, unwarranted and unworthy of more than passing comment. Obviously, a campaign to wipe out slum areas is commendable and within the powers of the executive branch of the municipal government. No proof is submitted to justify the petitioner’s self-serving statements that the campaign was in part instigated and intended to punish him “as a prime example of a slum landlord ”. No proof is submitted that “tough judges ” have been or will be selected by the Mayor to try the petitioner or any other person accused of similar crimes. Nor is there any proof that the historic independence of the judiciary is not cherished and zealously guarded by the Justices of the Court of Special Sessions of the City of New York or that on the trial of the petitioner, they are incapable of rendering a just verdict without fear or favor.
Complicated questions of law and fact do not require removal of the prosecution from the Court of Special Sessions. It is no less true today than when it was said 20 years ago, 1 ‘ Courts of Special Sessions are frequently called upon to decide intricate questions of law. There are many able and experienced jurists in the Court of Special Sessions qualified to decide such questions of law. Some of the best jurists of the Court of General Sessions were once justices of the Court of Special Sessions Bench.” (People v. Schulman, 175 Misc. 157, 158.) If anything, the 251 counts of the information against the petitioner, and *302 the different facts necessarily alleged in support of each count, recommend trial by jurists to avoid possible perplexity in the minds of a jury.
Contrary to his contention, the petitioner recognizes that his right as an attorney to practice law is not the kind of property right which warrants transfer to the Court of General Sessions (People v. Speiser, 162 Misc. 9; Matter of Knight, supra).
Other points raised by the petitioner also lack merit. For example, in charging that frequent newspaper reports of his prosecution will deny him justice, the petitioner ignores the well-settled principle that even extensive newspaper comment does not prove inability to secure a fair trial (People v. Hyde, 149 App. Div. 131; People v. Broady, 195 Misc. 349).
Upon all the facts and circumstances presented on this application, it is not reasonable to certify that the prosecution against the petitioner should be transferred to the Court of General Sessions. Furthermore, it must be remarked that the petitioner is guilty of laches in making the application. He allowed more than eight months to elapse after the information was filed before seeking prosecution by indictment and trial by jury. During that time he brought eight motions directed to the information in the Court of Special Sessions. Having challenged the information for so long and on so many occasions, it is too late for the petitioner — now awaiting trial — to be heard to say that he should be prosecuted by indictment and not by information.
The application is, therefore, denied and the stay of the trial of the petitioner in the Court of Special Sessions is vacated.