Hyman Baeshay, J.
This is a motion for an order, pursuant to section 31 of the New York City Criminal Courts Act, divesting the Court of Special Sessions of the City of New York, in and for the Borough of Brooklyn, of jurisdiction to proceed with the hearing and determination of the charge pending against this defendant in said court under Docket No. 8959/1961, and certifying that it is reasonable that such charge shall be prosecuted by indictment; and for a further order staying all proceedings in the Court of Special Sessions against the defendant herein, under Docket No. 8959/1961, pending a determination of this motion. The defendant bases his application for the relief sought upon the sole ground that an important property right, to wit, his license to practice medicine in the State of New York, will be seriously affected by the outcome of a trial of the accusations now pending against him.
On November 15, 1961 a nine-count information was filed in the Court of Special Sessions, charging the defendant with a violation of article 33 of the Public Health Law in that the defendant, a physician, not in good faith, and in the course of his professional practice, unlawfully prescribed, administered and dispensed narcotic drugs; and that he failed and neglected to keep a record of such drugs received by him and a record of all such drugs administered, dispensed or professionally used by him otherwise than by prescription.
On April 28, the trial of the case in the Court of Special Sessions was adjourned to May 22, 1962 and marked peremptorily against the defendant.
Neither the statute nor the decisions set forth specific criteria for the granting of this motion. Whether or not this motion should be granted depends, “ not in the words of the statute, nor yet in the special circumstances of the various cases dealt with by courts of coordinate jurisdiction applying the statute, but only in the special circumstances to which the petition calls attention, and which form the basis of the petitioner’s argument. It is in the analysis of these circumstances, to which the petitioner has called the attention of the court and upon which he has predicated his demand for relief, that a determination must be made.” (Matter of Knight, 178 Misc. 972, 974.)
*44 A reading of the petition presents no facts or circumstances which would warrant divesting the Court of Special Sessions of the City of New York of jurisdiction to proceed with the hearing and determination of this case. There is no allegation in the petition that there are complicated questions of law or fact which could not he adequately disposed of by the Court of Special Sessions, or that the Justices of that court could not or would not accord him a fair trial.
In Matter of Knight (178 Misc. 972, 976) where a similar application was made by an attorney at law, the court held: “ It is true that in some cases it has been held that a motion to transfer should be granted where a property right is involved, but it has not been held that the right to practice law is the kind of property right to which this rule should apply. On the contrary, the opposite, has been specifically indicated in People v. Speiser (162 Misc. 9 [1936]).” The right to practice medicine, like the right to practice law, is not a property right. It is merely a license. The motion, in its entirety, is denied.