Peter T. Farrell, J.
The defendant moves for a certificate pursuant to subdivision (b) of section 32 of the New York City Criminal Court Act (L. 1962, ch 697, eff. Sept. 1, 1962) that it is reasonable that the charges contained in the complaint herein be prosecuted by indictment.
The defendant is charged with an alleged violation of subdivision c of section 1120-2.0 of the Administrative Code of the City of New York. A violation of this section is a misdemeanor which, after conviction, could result in a fine of not more than $1,000 or to imprisonment for a term not exceeding one year, or both. This is the so-called “ anti-strikebreaking ” ordinance which was enacted in New York City on July 9, 1962.
The section under which the defendant moves is the former paragraph (c) of subdivision 1 of section 31 of the New York City Criminal Courts Act (L. 1910, ch 659, as amd.) and provides that if a Judge of this court “ shall certify that it is reasonable that such charge of misdemeanor shall be prosecuted by indictment ” the case shall he removed from the court in which it is pending and presented to the Grand Jury of the county in which the charge is pending. In case of indictment it shall then be prosecuted in the same manner as a felony charge after indictment.
This charge arose by reason of a strike by members of the Flight Engineers International Association, Eastern Air Lines Chapter, which is still in progress. An application was made to City Magistrates’ Court of the City of New York (now the Criminal Court of the City of New York), Borough of Queens, for a summons on the alleged violation of the aforesaid ordi *834 nance. On August 17, 1962, a complaint was issued against this defendant. A number of adjournments were had and subsequently this application was made on behalf of the defendant.
The defendant’s application is based on the following grounds:
(1) This is a case of first impression which presents many complex legal questions including statutory interpretation, Federal and State pre-emption, whether the ordinance here at issue violates the due process, commerce and supremacy clauses of the United States Constitution and whether it violates the New York City Home Buie Law.
(2) Substantial property rights not only of Eastern but of its 17,000 nonstriking employees and the traveling public are involved.
(3) The decision in this case will be far-reaching in its effects upon the business community and upon labor-management relations both in the City of New York and elsewhere.
(4) This is an extraordinary and unusual case of a type which rarely appears in a Court of Special Sessions [sic].
The provision of subdivision (b) of section 32 of the New York City Criminal Court Act is substantially the same as the former paragraph (c) of subdivision 1 of section 31 of the. former New York City Criminal Courts Act. This in turn was taken verbatim from a statute first enacted in 1897 (L. 1897, ch. 378; Greater New York Charter, § 1406, subd. 2).
The statute does not set any standards to determine when it is “ reasonable ” for the court to grant an application of this nature. Therefore the court must consider each application on its own merits based on the facts and circumstances surrounding the application. In 1898 it was held in People v. Levy (24 Misc. 469, 470) “ that the reasons which would justify such a certificate must be something more than the mere preference of the defendant for a jury trial. Facts must be brought to the attention of the judge, to whom the application is made, tending to show that the case is of an exceptional character, and that for some special reason the defendant cannot have a fair trial in the Court of Special Sessions, or that there are exceptional feaures in the case which render it desirable and proper that the action should be tried before a jury rather than a justice of the Special Sessions.” (Emphasis supplied.) (Matter of Knight, 178 Misc. 972; People v. Brownstein, 22 Misc 2d 299, appeal dismissed 11 A D 2d 3.)
In the moving papers herein the defendant urges as a basis for the requested relief, that this is a case of first impression *835 presenting many difficult questions of law and is an extremely unusual type which rarely appears in a Court of Special Sessions [sic]. This argument fails to impress the court. This court, as well as the other courts in New York City of equal jurisdiction, have had over the past years the invaluable aid of having Justices of the Court of Special Sessions assigned by the Appellate Division to sit as acting Judges in the County Courts and Court of General Sessions as they then existed. At no time, to this court’s knowledge, was there ever raised a question as to the ability or qualifications of these Judges who were so assigned. They have presided with distinction over all types of cases, including homicides, and have shown an understanding and grasp of the criminal law equal to their brethren who were resident Judges.
One of the reasons for this application, which was presented on oral argument, was that should there be an adverse finding the defendant would eventually attempt to appeal to the Court of Appeals on the constitutionality of the ordinance in question. The defendant, to sustain this position, alleged that a conviction in the Criminal Court of the City of New York would involve an appeal to the Appellate Term of the Supreme Court (Order 47-1962 of the Appellate Division, Second Judicial Department, dated July 12, 1962, effective September 1, 1962) and then an appeal to the Appellate Division, with the possibility of the subsequent appeal to the Court of Appeals. This, so the defendant alleges, would result in undue delay in the final determination of the constitutionality of the ordinance in question.
This argument is not valid. An appeal from the Appellate Term may go directly to the Court of Appeals (Code Crina. Pro., § 519). Furthermore, an examination of the record indicates that when the complaint was issued against the defendant on August 17, 1962, there is an entry on the complaint that it was “ entered in diary for September 5, 1962.” This matter could have then been tried before the Criminal Court of the City of New York and in case of a conviction would now be pending on appeal before the Appellate Term of the Supreme Court.
In this particular case the primary questions are questions of law, The defendant, in its supplemental memorandum, cites certain alleged factual issues which are involved. The court has studied the issues and fails to find any reason why they cannot, and should not, be passed upon by the Criminal Court of the City of Now York. As to the questions of law, this *836 court has already indicated that the Bench of the Criminal Court of the City of New York is eminently qualified to pass upon them.
Neither the defendant nor the District Attorney has presented any “ reasonable ” grounds for divesting the Criminal Court of the City of New York of its jurisdiction over this matter. Therefore the court in its discretion (People v. Cannizzario, 17 Misc 2d 839; People v. Rosenberg, 59 Misc. 342; Matter of Knight, supra) denies the motion.